UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Branden Huertas, ) | Case No. 2:25-cv-04547-MGL-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Director, *J. Reuben Long Detention Center*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Branden Huertas, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the petition and submit a recommendation to the assigned United States District Judge. As discussed in greater detail below, the undersigned recommends that the petition be summarily dismissed without prejudice and without requiring Respondent to file a response.

**BACKGROUND**

At the time Petitioner filed the instant habeas action, he was awaiting trial at J. Reuben Long Detention Center for murder; accessory to a felony or murder before and after the fact; and criminal conspiracy (Indictment Nos. 2025-GS-26-00382, 2025-GS-26-00420, 2025-GS-26-00421, 2025-GS-26-00427).[1] In his petition, Petitioner asks that the Court "dismiss all charges" against him based on purported violations of the Interstate Agreement on Detainers Act. (Dkt. No.

---

[1] The undersigned takes judicial notice of the records filed in Petitioner's underlying state criminal proceedings before the Horry County Court of General Sessions. *See* https://publicindex.sccourts.org/horry/publicindex/ (limiting search to "Branden Huertas") (last visited June 16, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).

1 at 5–6.) Before the undersigned had an opportunity to review the petition, however, Petitioner pleaded guilty to accessory to a felony or murder after the fact and was sentenced to fifteen years in prison by the Horry County Court of General Sessions on or around June 6, 2025. Based on the undersigned's review, it does not appear that Petitioner has sought post-conviction relief ("PCR") and/or collateral review from any of the South Carolina state courts.

## STANDARD OF REVIEW

Under the established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts;[2] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The narrow question before the Court is whether it "plainly appears" that Petitioner is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, his petition must be dismissed; if not, Respondent must respond. *Id.* Because Petitioner is a *pro se* litigant, his petition is accorded liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon*, 574 F.2d at 1151. Even under this less stringent standard, however, the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[2]     *See* Rule 1(b), Rules Governing § 2254 Cases (allowing district courts to apply any or all of these rules to § 2241 petitions).

2

**DISCUSSION**

It is well-settled that state prisoners must exhaust all available state-court avenues for challenging their convictions and/or sentences before they seek habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1).[3] Thus, § 2254 generally forbids federal courts from granting collateral relief until prisoners have "fairly presented" their claims in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010) (noting that "a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them"). To satisfy this burden, the petitioner must therefore show that both the operative facts and the controlling legal principles were presented to the highest state court. *Gordon v. Braxton*, 780 F.3d 196, 201 (4th Cir. 2015).

Because Petitioner has not yet sought post-conviction relief, any remaining habeas claims have not "been fully considered and addressed by courts of the State of South Carolina." *See Rogers v. Warden, McCormick Corr. Inst.*, No. 8:06-cv-2724-MBS-BHH, 2006 WL 4017752, at *3–4 (D.S.C. Oct. 5, 2006), *adopted*, 2007 WL 397370 (D.S.C. Jan. 30, 2007); *see also Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (noting that state prisoners must invoke "one complete round of the State's established appellate review process"). Petitioner's habeas claims are therefore premature at this stage and should be dismissed so that he can properly pursue them before the state courts. *See Rogers*, 2006 WL 4017752, at *4 ("Since Petitioner still has at least two viable state court remedies which have not been fully utilized (the pending PCR case and a petition for

---

[3] The undersigned notes that while pretrial petitions may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered," *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), § 2254 is the proper vehicle for "prisoners who are in custody pursuant to the judgment of a State court. . . ." *In Re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Thus, any further collateral review sought by Petitioner in federal court would fall under the purview of § 2254.

writ of certiorari in the South Carolina Supreme Court if the PCR case is unsuccessful), this Court should not keep this case on its docket while Petitioner is exhausting his state remedies.").

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the Court summarily dismiss the instant petition without prejudice and without requiring Respondent to file a response. Petitioner may refile a petition under 28 U.S.C. § 2254 once he has exhausted his state court remedies.[4]

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 16, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

---

[4] The undersigned cautions Petitioner that the AEDPA sets forth a one-year statute of limitations for filing a habeas petition under § 2254. *See* 28 U.S.C. § 2244(d)(1) (stating that the one-year period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). "[A] properly filed application for State post-conviction or other collateral review" tolls the one-year period. *Id.* § 244(d)(2); *see also* S.C. Code § 17–27–45(a) (stating that a PCR application "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later").

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).